DLD-080                                                     NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3115
_____

HAROLD FITZGERALD,
                              Appellant

v.

UNITED STATES DEPARTMENT OF JUSTICE;
FEDERAL BUREAU OF INVESTIGATION
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-19-cv-01385)
District Judge: Joel H. Slomsky
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit L.A.R. 27.4 and I.O.P. 10.6
January 9, 2020

Before: RESTREPO, PORTER and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed January 23, 2020)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Harold Fitzgerald, Jr. appeals from the District Court's order denying his petition for writ of habeas corpus under 28 U.S.C. § 2241. For the reasons that follow, we will summarily affirm.

In 2010, the United States District Court for the District of Delaware convicted Fitzgerald of four counts related to a drug conspiracy and money laundering, and he was sentenced to 240 months in prison. His sentence was later reduced to 193 months. In 2012, this Court affirmed the judgment. See United States v. Fitzgerald, 496 F. App'x 175 (3d Cir. 2012). In 2013, Fitzgerald filed a 28 U.S.C. § 2255 motion in the District of Delaware challenging his conviction and sentence based on several ineffective-assistance-of-counsel claims. In 2016, the motion was denied, and, in 2017, this Court denied Fitzgerald's request for a certificate of appealability. See United States v. Fitzgerald, 2017 WL 4842149 (3d Cir. Feb. 13, 2017); Fitzgerald v. United States, 2016 WL 5402177 (D. Del. Sept. 26, 2016).

In April 2019, Fitzgerald, then confined in a federal prison in New Jersey, filed this § 2241 petition in the United States District Court for the Eastern District of Pennsylvania, challenging the sentence imposed by the sentencing court, i.e., the United States District Court for the District of Delaware. Specifically, he claimed that the sentencing court incorrectly determined his criminal history score by counting a 1994 state-court conviction that had been *nolle prossed* in the calculation.

The government filed a motion to dismiss the § 2241 petition, arguing that the District Court lacked jurisdiction to consider it. Fitzgerald filed a response to the motion

to dismiss. The District Court granted the government's motion, and dismissed the § 2241 petition for lack of jurisdiction.

Fitzgerald appeals. We have jurisdiction under 28 U.S.C. § 1291.[1] Our Clerk advised the parties that we might act summarily to dispose of the appeal under Third Cir. L.A.R. 27.4 and I.O.P. 10.6.

We will summarily affirm the order of the District Court because no substantial question is presented by this appeal, Third Circuit L.A.R. 27.4 and I.O.P. 10.6. A motion under 28 U.S.C. § 2255, and not a habeas corpus petition under 28 U.S.C. § 2241, generally is the exclusive means to challenge a federal sentence. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) ("Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences[.]"). As noted, Fitzgerald already filed a § 2255 motion, which was denied by the sentencing court. Therein, he did not raise the issue he has brought in his § 2241 petition.

Section 2255(e) of title 28, also known as the "savings clause," provides, however, that an application for a writ of habeas corpus may proceed if "it . . . appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of [a prisoner's] detention." 28 U.S.C. § 2255(e). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute

---

[1] A certificate of appealability is not required to appeal from the denial of a § 2241 petition. See Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009).

of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002) (per curiam). "It is the inefficacy of the remedy, not the personal inability to utilize it, that is determinative." Id. at 538.

When a federal prisoner attacks the validity of his conviction, he may proceed under § 2241 only if (1) he asserts a colorable claim of actual innocence on the theory that "he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision," and (2) he is "otherwise barred from challenging the legality of the conviction under § 2255." Cordaro v. United States, 933 F.3d 232, 239 (3d Cir. 2019) (quoting Bruce v. Warden Lewisburg USP, 868 F.3d 170, 180 (3d Cir. 2017)).

Fitzgerald's claim does not meet this standard. Furthermore, although he argues that his § 2241 petition could be construed as a petition for writ of mandamus directing the Bureau of Prisons to recalculate his criminal history score, criminal history category, and advisory sentencing guidelines range, those modifications could only be made by the sentencing court, not the Bureau of Prisons. Accordingly, for the reasons explained herein, the District Court lacked jurisdiction over Fitzgerald's § 2241 petition and properly dismissed the petition.